UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **CHRISTOPHER MARTIN RIDGEWAY** | **16-10643** |
| DEBTOR | SECTION A |
| | CHAPTER 7 |

### REASONS FOR DECISION

On October 23, 2018, hearing on the Motion for Allowance of Post-Petition Interest ("Motion")[1] filed by Stryker Corporation and Howmedica Osteonics Corporation (collectively "Stryker"), came before the Court. At the conclusion of the hearing, the Court took the matter under advisement.

**I. Facts**

On September 30, 2013, Stryker filed suit against Debtor and others for damages arising from alleged patent infringement, use of trade secrets, breach of employment contract and other causes of action. On March 9, 2016, the United States District Court for the Western District of Michigan ("District Court") entered a partial judgment ("Michigan Judgment") in favor of Stryker and against Debtor for $745,195.00 in damages.[2] Prior to the entry of the Michigan Judgment, the District Court also entered an Order of Sanctions against Debtor for discovery abuses ("Sanction Order"). In both instances, the Court awarded attorneys' fees and costs neither of which were liquidated as of the bankruptcy filing.

---

[1] P-693.
[2] *Stryker Corp. v. Ridgeway*, 1:13-cv-01066, 2016 WL 7626229 (W.D. Mich. Mar. 9, 2016) c/w *Stone Surgical, LLC v. Stryker Corp.*, 1:14-cv-00889.

1

On March 23, 2016 ("Petition Date"), Christopher Ridgeway ("Debtor") filed a voluntary Petition for Relief under Title 11, chapter 11 of the United States Code. No trustee was appointed and Debtor administered his case as a debtor-in-possession.[3]

On or about May 20, 2016, Debtor appealed the Michigan Judgment.[4]

On July 27, 2016, Stryker filed a proof of claim for $3,432,147.71 ("Stryker Claim").[5] The claim is itemized:

1. $745,195.00 in liquidated actual damages;

2. $223,351.16 in attorney's fees and costs related to Sanctions Order;

3. $2,272,369.54 in attorney's fees related to the Michigan Judgment;

4. $143,535.29 in costs;

5. $47,508.14 in pre-judgment interest on the Michigan Judgment;

6. $188.58 for post-judgment interest to the Petition Date on the Michigan Judgment; and

7. "An unknown amount of post-judgment interest" accruing after the Petition Date.[6]

On December 9, 2016, Debtor objected to the amounts claimed for attorneys' fees and costs ("Objection") detailed in the Stryker Claim.[7]

Debtor's Second Amended Plan of Reorganization ("Plan"), as immaterially modified on November 1, 2016, came up for confirmation on November 2, 2016. Under the terms of the Plan, the Stryker Claim was placed in class 9.[8] Because of Debtor's pending appeal on the Michigan

---

[3] P-1.
[4] P-588 at 19.
[5] Stryker and Howmedica filed Claim Nos. 14 and 15 respectively in identical amounts. By Stipulation, they acknowledge that only a single recovery is owed. P-289, at 11–12; *see also* P-588, at 20, ¶ 57.
[6] Addendum to Proof of Claim No. 14 at 5.
[7] P-288.
[8] P-234 at 13.

Judgment, Class 9 was not paid in full on the Effective Date.[9] The Stryker Claim was payable only after resolution of the appeal of the Michigan Judgment and Debtor's Objection to the Stryker Claim.[10] Therefore, Debtor proposed to deposit cash, in an amount sufficient to satisfy the principal, attorneys' fees and costs on the claim but not interest.[11]

Stryker filed an objection to the Debtor's Plan alleging it violated the absolute priority rule. Specifically, Stryker argued: (1) The Plan paid all other claimants (unless otherwise agreed) in full on the Effective Date of the Plan; (2) Debtor's liquidation value established that in a chapter 7 liquidation, all creditors, including Stryker, would be paid in full; and (3) the Plan failed to provide for interest on Stryker's Claim even though it would not be satisfied until resolution of all disputes and appeals.[12]

The Court sustained Stryker's objection to confirmation because Debtor's liquidation value required full payment to all creditors and under the Plan, Debtor proposed to retain assets without paying the present value of Stryker's Claim.[13] On March 14, 2017, the Court entered an Opinion to this effect.[14] However, prior to the entry of an Order in accord with the Opinion, Debtor and Stryker requested a stay to discuss a compromise.

The same day, Debtor and Stryker compromised Stryker's claim for interest. Entered on the record,[15] the compromise proposed interest on the principal award from date of judicial demand until

---

[9] The Plan defined the Effective Date as: "[T]he time on the first Business Day (a) which is on or after the date of the entry of the Confirmation Order and (b) on which (i) no stay of the Confirmation Order is in effect and (ii) all conditions to the effectiveness of the Plan have been satisfied or waived as provided in Article XI, section 11.1, *et seq.*, but no later than 10 days from the date of the Confirmation order." P-325 at 7. The Effective Date was April 13, 2017.
[10] *Id*. at 34.
[11] P-234 at 33.
[12] P-264.
[13] *Id*.
[14] P-339.
[15] P-568.

paid in full and interest on attorney's fees and costs after liquidation. The parties asked that the Plan be amended to effect the compromise and the Court agreed, accepting the amendment as an immaterial modification. The Court confirmed the Plan[16] in its amended form.[17]

An Order of Confirmation was entered on April 3, 2017[18] and the Plan became effective on April 13, 2017.[19]

Following confirmation, the Bankruptcy Case was reassigned to Judge Douglas D. Dodd[20] for the purpose of liquidating the amounts due for costs and attorney's fees under the Stryker Claim. On May 15, 2017, the Debtor filed a supplemental Objection to the Stryker Claim.[21]

On November 30, 2017, the Court held an evidentiary hearing on Debtor's Objection[22] and on July 27, 2018, Judge Dodd found that Stryker was "allowed recovery on a single, nonpriority, prepetition unsecured claim" for:

> 1. $745,195.00 in liquidated actual damages;
> 2. $214,624.26 in unliquidated attorneys' fees and costs under the Sanctions Order;
> 3. $1,913,625.64 in attorneys' fees;
> 4. $106,508.43 in costs;
> 5. $47,508 in pre-judgment interest on the principal amounts owed under the Michigan Judgment; and
> 6. $188.58 in post-judgment interest on the principal amounts owed under the Michigan Judgment to the Petition Date.
> For a total award of $3,027,650.05. ("Fee Order")[23]

---

[16] *Id.* at 12: 21–22.
[17] P-569 at 13: 3–6.
[18] P-325.
[19] P-369.
[20] P-379. On August 30, 2018 an Order was entered reassigning this Bankruptcy Case to Judge Elizabeth Magner. P-696.
[21] P-384.
[22] P-601.
[23] P-688. A mathematical error reduced the reimbursement for travel costs by $3,384.65. The corrected award amount should be $ 3,031,034.7 but this Court is unable to adjust the amount owed under Rule 60 because the matter remains on appeal. P-685.

In its Memorandum Opinion, the Court also noted that, "[A]n award of pre-judgment interest on attorney's fees and costs is not discretionary and Stryker is entitled to recover it." On August 10, 2018, the Debtor filed a Notice of Appeal regarding the Fee Order. The appeal is still pending.[24]

While the Fee Order is on appeal, Stryker's Motion asks this Court to calculate the interest owed on both the Michigan Judgment and Fee Order. The parties now dispute the meaning of the compromise made during confirmation.

**II. Law and Analysis**

In its Motion, Stryker asserts Debtor owes it four categories of interest: (1) prepetition prejudgment interest on the Michigan Judgment's principal award, $745,195.00, at the rate set forth under Michigan statute M.C.L. § 600.6013(8) from September 30, 2013, the filing date of the Stryker suit, to the Michigan Judgment date (March 9, 2016);[25] (2) prepetition and postpetition interest on the principal award, $745,195.00, at the rate set forth under in 28 U.S.C.§1961(a) from the Michigan Judgment date until paid; (3) prepetition interest on any sums awarded for attorneys' fees and costs at the rate set forth under Michigan statute M.C.L. § 600.6013(8) from the date of the Michigan Judgment to the Petition Date; and (4) Postpetition interest on any additional sums awarded for attorneys' fees and costs at the rate set forth under in 28 U.S.C.§1961(a) from the Petition Date until paid.[26]

Stryker also advanced this position in its original Objection to the Plan.[27] Nevertheless, during the confirmation hearing, Stryker conceded that the determination of postpetition interest payments was a subject of the plan confirmation process, and "not a claims allowance issue."[28] As

---

[24] United States District Court for the Eastern District of Louisiana as case no. 2:18-cv-07651-ILRL-KWR.
[25] Pursuant to M.C.L. § 600.6013(8), which at the time was represented as 1.14%.
[26] P-693.
[27] P-264 at 6–7.
[28] P-277 at 124: 21–25; *Id*. at 124: 1–3.

previously noted, an agreed amendment to the Plan, resolving Stryker's objections, settled the matter.

The confirmed Plan, required Debtor to escrow funds sufficient to cover the principal, attorneys' fees, costs and interest claims of Stryker pending resolution of Debtor's appeal of the Michigan Judgment and the liquidation of attorneys' fees and costs by this Court.[29]

Specifically with regard to the interest calculation on Stryker's claim for attorneys' fees and costs, the parties' settlement allowed, "Interest on the attorney's fees and costs [] not [to be] incur[red] until they are liquidated and in judgment."[30]  Both parties orally agreed to this Plan amendment articulated by the Court.[31]

The Order of Confirmation echos this agreement. The Order states:

> [T]he following amounts which shall be paid to Stryker and Howmedica under the Debtor's Modified Fourth Amended Plan of Reorganization: (A) pre-Petition pre-judgment interest on the amount of $745,195.00 awarded under the March 9, 2016 Judgment in the Michigan Consolidated Matters, at the interest rate provided for under Michigan Statute M.C.L. § 600.6013(8), which in relevant part provides for interest calculated at 6 month intervals from the date of filing the complaint and until a judgment is rendered at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually; (B) pre-Petition and post-Petition, post-judgment interest on the amount of $745,195.00 awarded under the March 9, 2016, Judgment in the Michigan Consolidated Matters, at the interest rate provided for in 28 U.S.C. § 1961(a), which shall be calculated as follows: interest at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the Judgment; in keeping with the terms of 28 U.S.C. § 1961(a), interest shall be computed daily to the date of payment, and shall be compounded annually, which interest rate equals 0.66% until the date the Judgment is paid in full;  (C) ***post-Petition, post-judgment interest on any and all Claims asserted by Stryker and Howmedica for attorneys' fees and costs*** at the interest rate provided for by 28 U.S.C. § 1961(a), which shall be calculated as follows: interest at a rate equal to the

---

[29] P-351 at 5–6.
[30] P-568 at 9: 19–25.
[31] P-568 at 10: 1–9; *Id.* at 12: 14–16.

weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment; in keeping with the terms of 28 U.S.C. § 1961, interest shall be computed daily to the date of payment, and shall be compounded annually until the date that any such amounts are paid in full.[32] (Emphasis supplied)

As provided by the Confirmation Order, interest on the principal damage award, $745,195.00, is calculated from date of demand until paid at two different rates. The Michigan State rate applies until the Michigan Judgment date, after which the federal rate applies. On this there appears to be agreement.

The Confirmation Order does not provide for pre-judgment interest on claims for attorneys' fees and costs —interest only accrues once there is an entry of judgment liquidating those claims.[33] Interest is calculated at the federal rate from date of judgment or liquidation until paid.

Stryker, however, interprets the language of the Confirmation Order differently even though the Confirmation Order specifies that interest accrues, "(C) [P]ost-Petition post-judgment... on any and all Claims asserted by Stryker and Howmedica for attorneys' fees and costs ..." Stryker argues that post-judgment refers to the Michigan Judgment, not the judgment liquidating the claim for fees and costs. This argument fails to account for the other modifier in this clause of the Order, ***post-petition***. The combination of post-petition and post-judgment clearly specifies that interest will not accrue until the claim is liquidated. The confirmation hearing's transcript also supports this interpretation.

---

[32] P-351 at 5–6.
[33] P-325.

The transcript states:

> MR. CHEATHAM: Your Honor, the Debtor would like to make an oral Motion to Modify the Plan for the Court to make a determination as to the applicability of interest as it related to the claim in Class 9 which is Stryker. And based upon what the Court has already represented it was inclined to do, we've had consultation with my client, and Ms. Nobles, I'll let her speak with the consultation with her counsel, the Debtor is in agreement with what the Court suggested.
>
> THE COURT: Okay, Ms. Nobles?
>
> MS. NOBLES: Your Honor, we have no objection to the plan being modified to provide for interest as Your Honor believes is due.[34]
>
> THE COURT: . . . So with the oral motion the Court will accept the amendment of the plan to provide for interest on Class 9 calculated as the Michigan state rate under the Statute 600.6013 from date of complaint until judgment, after judgment to be calculated at the federal rate until paid; **interest on attorney's fees and costs** to be calculated at the federal rate **once judgment is entered.**[35] (Emphasis supplied).

Both the Confirmation Order, the Confirmed Plan, and the hearing transcript make it clear that no pre-judgment interest should be awarded on the claims for attorneys' fees and costs.

Stryker also relies on the Opinion of Judge Dodd as grounds for an award of prejudgment interest on its claim for attorneys' fees and costs. Stryker's reliance on the Opinion is misplaced. Section 1141(a) of the Bankruptcy Code provides: "[T]he provisions of a confirmed plan ***bind the debtor* . . . *and any creditor*** . . . whether or not the claim or interest of such creditor is impaired under the plan and whether or not such creditor . . . has accepted the plan" (Emphasis added).[36] Furthermore, the Fifth Circuit held that section 1141(a) "clearly provides that all parties to a confirmed plan are bound to its terms."[37] It is "well settled that a plan is binding upon all parties once it is confirmed and all questions that could have been raised pertaining to such plan are *res judicata*."[38] For instance, in *In re Shank* the Court held that the debtor's plan and confirmation order

---

[34] *Id*. at 12: 5–16.
[35] *Id*. at 12: 12–25, 13: 1–2.
[36] 11 U.S.C. § 1141(a); *see also Stoll v. Gottlieb*, 305 U.S. 167, 170–71 (1938).
[37] *Eubanks v. Fed. Deposit Ins. Corp.*, 977 F.2d 166, 170 (5th Cir. 1992).
[38]

barred the creditor from relitigating the amount of its claim under the principle of *res judicata*.[41]

"Confirmation has preclusive effect, foreclosing relitigation of any issue actually litigated by the parties and any issue necessarily determined by the confirmation order."[42]

Similarly, Stryker's reference to *Reimer v. Smith*[43] as support for its position is inapposite. In *Reimer*, two conflicting court judgments were reconciled by the Fifth Circuit.[44] The case does not deal with a conflict between a bankruptcy order and the confirmation order that preceded it.

The Plan defines the methodology for calculating interest on the attorneys' fees and costs portion of Stryker's claim and the Plan has a *res judicata* effect. Therefore, regardless of any later ruling on the subject, the Plan will control what interest can be paid from the escrow account. Any award in excess of the Plan's provisions is not recoverable from escrow nor collectible from Debtor.

---

*In re Howe*, 913 F.2d 1139, 1143 (5th Cir. 1990); *Eubanks*, 977 F.2d at 171, 173 ("Any attempt by the parties or those in privity with them to relitigate any of the matters that were raised or could have been raised . . . pertaining to such plans are barred by res judicata.").

[41] 569 B.R. 238, 259 (Bankr. S.D. Tex. 2017).

[42] *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015); *First Union Commercial Corp. v. Nelson, Mullins, Riley and Scarborough (In re Varat Enters., Inc.)*, 81 F.3d 1310, 1315 (4th Cir. 1996) ("Federal Courts have consistently applied res judicata principles to bar a party from asserting a legal position after failing, without reason, to object to the relevant proposed plan of reorganization or to appeal the confirmation order.").

[43] *Reimer v. Smith*, 663 F.2d 1316 (5th Cir. 1981).

[44] *Id*. at 1320.

### III. Calculation of Interest

The calculation of interest on the Michigan Judgment through November 30, 2018 is[45]:

| Michigan Judgment | | | | | |
|---|---|---|---|---|---|
| Amount | Period | Rate | Days | Per Diem | Accrued Interest |
| $ 745,195.00 | Oct. 1, 2013-March 31, 2014 | 2.452% | 182 | $ 50.06 | $ 9,111.06 |
| $ 745,195.00 | April 1, 2014-Sept. 30, 2014 | 2.622% | 183 | $ 53.53 | $ 9,796.27 |
| Interest Compounded | | | | | $ 18,907.33 |
| $ 764,102.33 | Oct. 1, 2014-March 31, 2015 | 2.678% | 182 | $ 56.06 | $ 10,203.30 |
| $ 764,102.33 | April 1, 2015-Sept. 30, 2015 | 2.468% | 183 | $ 51.67 | $ 9,454.86 |
| Interest Compounded | | | | | $ 19,658.16 |
| $ 783,760.49 | Oct. 1, 2015-March 8, 2016 | 2.571% | 160 | $ 55.21 | $ 8,833.09 |
| Federal Rate Applied | | | | | |
| $ 783,760.49 | March 9, 2016-Sept. 30, 2016 | 0.66% | 206 | $ 14.17 | $ 2,919.45 |
| Interest Compounded | | | | | $ 11,752.54 |
| $ 795,513.03 | Oct. 1, 2016-Sept. 30, 2017 | 0.66% | 365 | $ 14.38 | $ 5,250.39 |
| $ 800,763.42 | Oct. 1, 2017-Sept. 30, 2018 | 0.66% | 365 | $ 14.48 | $ 5,285.04 |
| $ 806,048.46 | Oct. 1, 2018-Nov. 30, 2018 | 0.66% | 61 | $ 14.58 | $ 889.08 |
| Total as of November 30, 2018 | | | | | $ 806,937.54 |

Interest on attorneys' fees and costs of $2,234,758.33[46] accrues from the date of the Fee Order until paid at the federal rate, compounded annually. That calculation through November 30, 2018 is:

| Attorneys' Fees and Costs (Fee Order) | | | | | |
|---|---|---|---|---|---|
| Amount | Period | Rate | Days | Per Diem | Accrued Interest |
| $ 2,234,758.33 | July 28, 2018-Nov. 30, 2018 | 2.40% | 126 | $ 146.94 | $ 18,514.82 |
| Total as of November 30, 2018 | | | | | $ 2,253,273.15 |
| COMBINED TOTAL AS OF NOVEMBER 2018 | | | | | $ 3,060,210.69 |

Interest continues to accrue from December 1, 2018 until paid on the Michigan Judgment at 0.66% interest or $14.58 per day until March 31, 2019 when interest from the preceding year will be compounded and a new per diem rate calculated.

---

[45] Leap years were accounted for when calculating number of days. Per diems have been rounded to the nearest hundredth but interest was multiplied at original per diem rates.
[46] This is based on the amount calculated by Judge Dodd because this Court is unable to adjust the amount owed under Rule 60 because the matter remains on appeal. P-685.

Interest on the Fee Order will continue to accrue from December 1, 2018 at the rate of 2.4% or $146.94 per day until July 27, 2019 when interest for the preceding year will be compounded and a new per diem rate calculated.

**IV. Conclusion**

The Confirmation Order and Plan control the amount of interest payable on the Stryker Claim. According to the method proscribed by the Confirmation Order and Plan, Stryker's claim for interest is $80,257.36 through November 30, 2018.

New Orleans, Louisiana, November 30, 2018.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge